UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

NEIL PARSONT

        Plaintiff,

vs.

ANKIT MEHTA, Individually
TUTORING MONK, INC., a Florida
Corporation, and ALEX HEINTZ,
Individually

        Defendants.
_____/

## COMPLAINT

Plaintiffs, NEIL PARSONT and OWL TUTORING, sue Defendants ANKIT MEHTA and TUTORING MONK, INC. and ALEXANDER HEINTZ., and alleges:

### JURISDICTION AND VENUE

1. Jurisdiction over this case is based on 28 U.S.C. §1331 in that it arises under the law of the United States, and 28 U.S.C. §1338(a) in that this action arises under the United States Copyright Act, 17 U.S.C. §101 et seq. asserting copyright infringement.

2. Venue is properly laid in this District under 28 U.S.C. §1391 and 1400.

### PARTIES

3. Plaintiff, NEIL PARSONT, is an individual *sui juris* residing within the circumscription of the Southern District of Florida, and was at all times relevant to the allegations of this Complaint engaged in the business of publishing, licensing and otherwise marketing and exploiting copyrighted educational works..

4. Defendant ANKIT MEHTA, on information and belief, also known as "ANDY MEHTA," is an individual residing in Coral Springs, Florida, within the circumscription of this District, and is engaged in the business of providing education materials and services.

5. Defendant TUTORING MONK, INC., on information and belief, is a Florida corporation with its principal place of business in Coral Springs, within the circumscription of this District, and is engaged in the business of providing education materials and services in Broward and Palm Beach Counties.

6. Defendant ALEXANDER HEINTZ, on information and belief, is an individual residing in Boca Raton, within the circumscription of this District.

## FIRST CLAIM FOR RELIEF – Copyright Infringement

Parsont sues ANKIT MEHTA, TUTORING MONK, INC. and ALEXANDER HEINTZ and alleges as follows:

7. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1 through 7.

8. Plaintiff NEIL PARSONT is the owner of OWL TUTORING and all rights, title and interest in the education materials titled "Distributions Solver", and "Sensitivity Solver" which were duly registered with the U.S. Copyright Office on June 8, 2013 under Registration Numbers TX 7-758-803 and TX 7 7-758-804.

9. Defendants ANKIT MEHTA, ALEXANDER HEINTZ and MONK TUTORING, INC. copied, released and distributed education solvers containing the education solvers created by Plaintiff NEIL PARSONT.

10. The release and distribution of the MONK Solvers containing the work "Distributions Solver" and "Sensitivity Solver" was done before, but continued after perfection of the copyright registration by Plaintiff.

11. Defendants ANKIT MEHTA, ALEXANDER HEINTZ and TUTORING MONK, INC., have copied, released and distributed the education works of the Plaintiff without license or authorization of the Plaintiff.

12. Defendants ANKIT MEHTA, ALEXANDER HEINTZ and TUTORING MONK, INC. have copied and distributed the educational works belonging to Plaintiff with knowledge of Plaintiff's rights, and, in willful violation of law and disregard of plaintiff's rights, infringed this Plaintiff's copyright.

13. By reason of Defendants' willful infringement of the copyright to the educational works of the Plaintiff, to wit, Distribution Solver and Sensitivity Solver, Plaintiff has been injured and is entitled to the following relief:

a) a preliminary and permanent injunction i) prohibiting Defendants from further copy, reproducing, distributing, selling and exhibiting the educational works of the Plaintiff "Distribution Solver" and "Sensitivity Solver," Ordering Defendants to destroy all copies of the infringing works, no matter the form or format;

b) actual damages and/or statutory damages,, as appropriate, jointly and severally against the Defendants, including damages based upon an accounting of Defendant's' profits attributable to each of the infringements in an amount to be determined;

c) costs in this action; and

d) an award of attorneys' fees pursuant to the Copyright Act, to the extent awardable.

WHEREFORE, Plaintiff demands judgment against for the above-stated relief, including damages in the amount of $250,000, such other relief as may be afforded by Title 17, U.S.C.A., and demands a jury trial for all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

> DAVID S. WILLIG, CHARTERED
> Florida Bar No. 779539
> 2837 SW 3rd AVE
> Miami, FL 33129
> Tel. (305) 860-1881
> Email: dswillig@aol.com
>
> By: _/s/ David S. Willig_
> David S. WILLIG